UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROATH CHU, a married person,

    Plaintiff,

v.

FRANK RUSSELL COMPANY, a Washington Corporation, JOHN JAMES, a married person, and BRAD JUNG, a married person,

    Defendants

Case No.  C05-5550B

ORDER

This matter comes before the Court on Defendants' Motion for Summary Judgment on Plaintiff's claims. Dkt. 21.  The Court has reviewed all documents filed in support of and in opposition to this Motion, has reviewed the entire file, and is fully advised.

## I.  BASIC and PROCEDURAL FACTS

Plaintiff, a woman of Cambodian descent, began working for Defendant, Frank Russell Company ("Russell"), in August of 2000.  Dkt. 1-1.  Russell is an international investment strategies firm headquartered in Tacoma, Washington.  Dkt. 23-1, at 2.  It advises clients regarding their retirement and other benefit plans. *Id.*  Plaintiff's employment with Russell was terminated on August 31, 2004.  Dkt. 1-1.

On August 18, 2005, Plaintiff filed the instant action, claiming that her termination constituted "a violation of her due process rights and liberty interest in employment in violation of the Fifth and

ORDER
Page - 1

Fourteenth Amendments to the United States Constitution," and was a violation of her rights under 42 U.S.C. §§ 1983 and 1985.  Dkt. 1-1, at 5.  She also makes the following state law claims:  negligence, negligent infliction of emotional distress, defamation, wrongful termination, and outrage.  *Id.*  Plaintiff's Complaint alleges that this Court has jurisdiction over this case pursuant 28 U.S.C. §1331 (federal question), 28 U.S.C. §1343 (civil rights), and 28 U.S.C. § 1367 (supplemental jurisdiction).  *Id.*, at 2.

Defendants move for Summary Judgment, arguing: 1) Plaintiff cannot establish a prima facie case of wrongful discharge in violation of public policy, 2) Plaintiff's claims under the Fifth and Fourteen Amendments of the U.S. Constitution and her claims under 42 U.S.C. § 1983 should be dismissed because each of these claims require evidence of state action and here there is none, 2) Plaintiff cannot establish the existence of a conspiracy in violation of 42 U.S.C. § 1985, 3) Plaintiff cannot establish a prima facie case for her defamation claim, 4) Plaintiff cannot establish that Defendants' conduct was outrageous and extreme so as to constitute intentional infliction of emotional distress, and 5) Plaintiff cannot establish a claim for negligence or negligent infliction of emotional distress.  Dkt.  21.

Plaintiff responds that:  1) the Court should deny Defendants' Motion for Summary Judgment on her wrongful termination claim because there are issues of material fact, and 2) Plaintiff establishes the prima facie case for gender discrimination.  Dkt. 25.

Defendants reply that: 1) summary judgment is proper because Plaintiff has abandoned every claim in her Complaint, 2) the Court should ignore Plaintiff's newly raised Title VII and Washington Law Against Discrimination ("WLAD") claims, 3) even if the Court addresses the merits of Plaintiff's newly raised Title VII and WLAD claims, Russell is still entitled to summary judgment.

This opinion will first address Defendants' arguments that Plaintiff's federal claims fail, and then whether this Court should exercise supplemental jurisdiction over the state law claims.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

**B. FIFTH AMENDMENT, FOURTEENTH AMENDMENT AND 42 U.S.C. § 1983, AND CLAIMS**

The Fifth Amendment to the U.S. Constitution applies to the federal government and governmental actors, and not private entities. *See San Francisco Arts & Athletics, Inc. v. United States Olympic Committee,* 483 U.S. 522, 542 n. 21 (1987)(holding that the Fifth Amendment does not apply to the United States Olympic Committee because, although a private corporation established under federal law, it is not a governmental actor). "[T]he Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)(*internal citations omitted*). Section "1983, which was enacted pursuant to the authority of Congress to enforce the Fourteenth

Amendment, prohibits interference with federal rights under color of state law." *Id*. at 838. "In cases under § 1983, 'under color of law' has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." *Id.* "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?" *Id.* The Ninth Circuit recognizes a two-part test for answering that question: 1) "the deprivation must result from a governmental policy, in other words, the deprivation "must be caused by the exercise of some right or privilege created by the [government] or a rule of conduct imposed by the [government]," and 2) "the party charged with the deprivation must be a person who may fairly be said to be a [governmental] actor." *Sutton v. Providence St. Joseph Medical Center,* 192 F.3d 826, 835(9th Cir. 1999).

Plaintiff does not point to any evidence, nor is there any in the record, that the private parties at Russell acted as a result of a governmental policy or were in any way state actors. Plaintiff's claims under 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments to the United States Constitution should be dismissed.

### C.   CONSPIRACY CLAIM UNDER 42 U.S.C. § 1985

"42 U.S.C. § 1985(3) - the Ku Klux Klan Act of 1871-was enacted by the Reconstruction Congress to protect individuals-primarily blacks-from conspiracies to deprive them of their legally protected rights." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). A plaintiff must allege and prove four elements to bring a cause of action successfully under § 1985(3):

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Id*. (*citing United Brotherhood of Carpenters and Joiners of America v. Scott,* 463 U.S. 825, 828-29(1983)). "Further, the second of these four elements requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* (*internal quotations and citations omitted*). State action is not, however, required. *Id.*, at n. 4.

Plaintiff does not dispute that this claim should be dismissed. She fails to point to any evidence of a

ORDER
Page - 4

conspiracy for the purposes of depriving her of equal protection of the law or of equal privileges and immunities under the laws or an act in furtherance of the conspiracy. Plaintiff's claim under 42 U.S.C. § 1985 should be dismissed.

### D.  SUPPLEMENTAL JURISDICTION

A district court may decline to exercise supplemental jurisdiction if . . . the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367 (c)(3).

The Complaint alleged that the Court had subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343 (civil rights). Dkt. 1-1, at 2. All the claims in the Complaint made pursuant to federal law, the Fifth Amendment claim, Fourteenth Amendment claim, 42 U.S.C. § 1983 claim, and 42 U.S.C. § 1985 claim, should be dismissed as explained above. The remaining claims are state law claims. Dkt. 1-1. Accordingly, the parties should be ordered to show cause, if any they have, why this Court should not decline to exercise supplemental jurisdiction over the remaining state law claims and should not dismiss the remaining state claims without prejudice. Plaintiff's brief, if any, should be due by November 24, 2006, Defendants' response, if any, should be due by November 27, 2006, and Plaintiff's reply, if any, should be due by November 30, 2006. Consideration of the parties' pleadings, if any, to the order to show cause should be noted for December 1, 2006. The Defendant's Motion for Summary Judgement on Plaintiff's state law claims should be renoted to December 1, 2006.

### III.  ORDER

Therefore, it is hereby, **ORDERED** that:

- Defendant's Motion for Summary Judgment on all Claims (Dkt. 25) is **GRANTED IN PART,** Plaintiff's federal claims are dismissed. Defendant's Motion for Summary Judgment (Dkt. 25) on the remaining state law claims is **RENOTED** for December 1, 2006.

- The parties are ordered to **show cause**, if any they have, why this Court should not decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (c)(3) on Plaintiff's state claims, and should not dismiss Plaintiff's remaining claims without prejudice by December 1, 2006.

1 • Plaintiff's brief, if any, is due by November 24, 2006, Defendants' response, if any, is due by
2 November 27, 2006, and Plaintiff's reply, if any, is due by November 30, 2006.
3 The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record
4 and to any party appearing *pro se* at said party's last known address.
5 DATED this 14th day of November, 2006.

Robert J. Bryan
United States District Judge