UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROATH CHU, a married person,

    Plaintiff,

v.

FRANK RUSSELL COMPANY, a Washington Corporation, JOHN JAMES, a married person, and BRAD JUNG, a married person,

    Defendants

Case No.  C05-5550B

ORDER

This matter comes before the Court on Defendants' Motion for Summary Judgment on Plaintiff's claims (Dkt. 21) and the Court's Order to Show Cause (Dkt. 30).  The Court has reviewed all documents filed in support of and in opposition to this Motion and Order, has reviewed the entire file, and is fully advised.

## I.  BASIC and PROCEDURAL FACTS

Plaintiff, a woman of Cambodian descent, began working for Defendant, Frank Russell Company ("Russell"), in August of 2000.  Dkt. 1-1.  Russell is an international investment strategies firm headquartered in Tacoma, Washington.  Dkt. 23-1, at 2.  It advises clients regarding their retirement and other benefit plans.  *Id.*  Plaintiff's employment with Russell was terminated on August 31, 2004.  Dkt. 1-1.

ORDER
Page - 1

1  On August 18, 2005, Plaintiff filed the instant action, claiming that her termination constituted "a violation of her due process rights and liberty interest in employment in violation of the Fifth and Fourteenth Amendments to the United States Constitution," and was a violation of her rights under 42 U.S.C. §§ 1983 and 1985. Dkt. 1-1, at 5. She also makes the following state law claims: negligence, negligent infliction of emotional distress, defamation, wrongful termination, and outrage. *Id.* Plaintiff's Complaint alleges that this Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1343 (civil rights), and 28 U.S.C. § 1367 (supplemental jurisdiction). *Id.*, at 2.

On November 14, 2006, Plaintiff's claims under the Fifth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. § 1983 were dismissed because Plaintiff did not point to any evidence, nor is there any in the record, that the private party Defendants acted as a result of a governmental policy or were in any way state actors. Dkt. 30, at 4. Plaintiff's claim under 42 U.S.C. § 1985 was dismissed because Plaintiff failed to point to any evidence of a conspiracy for the purposes of depriving her of equal protection of the law or of equal privileges and immunities under the laws or an act in furtherance of the conspiracy. *Id.*, at 5. The parties were then ordered to show cause why this Court should not decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *Id.*

Defendants urge the Court to retain jurisdiction, arguing that: 1) dismissal of Plaintiff's federal claims does not require a remand of her remaining state claims, 2) judicial economy will be served if the Court exercises jurisdiction and resolves the remaining claims, and 3) Plaintiff's remaining claims, which plainly lack merit, do not involve a novel question of state law and can be dismissed with prejudice. Dkt. 31. Plaintiff argues that the Court should not retain jurisdiction on the state law claims and should allow her to pursue her causes of action in state court, if she so chooses. Dkt. 32.

## II. **DISCUSSION**

A district court may decline to exercise supplemental jurisdiction if . . . the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367 (c)(3). "[W]hen deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997) (*internal quotation omitted*). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors will

point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997 (*en banc*)(*citing Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350 n. 7(1998)). Declining jurisdiction is accomplished by dismissal of state claims without prejudice.

In this case, dismissal of the state law claims without prejudice "would most sensibly accommodate the values of economy, convenience, fairness, and comity." *See San Pedro Hotel v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998)(*internal quotations omitted*). Judicial economy and convenience are best served by dismissal of Plaintiff's state law claims without prejudice. Defendants argue that the state and federal claims are entangled to such a degree as to give this Court a duty to retain jurisdiction and dismiss the state law claims with prejudice to preserve judicial economy. Dkt. 31, at 6. Defendants cite *Coe v. County of Cook*, 162 F.3d 491, 496 (7th Cir. 1998) in support of their argument. In *Coe*, the District Court was held to be in error where it decided federal constitutional claims regarding abortion notification rights, but declined to exercise jurisdiction over Plaintiff's state law claims, which also involved abortion notification rights pursuant to state statute and common law. *Id.* Here, in contrast, Plaintiff's federal law claims based on the Fifth Amendment and Fourteenth Amendment to the U.S. Constitution and her 42 U.S.C. § 1983 claim, were decided based on the fact that there was no evidence of action taken as a result of a governmental policy or involvement of a state actor. Dkt. 30, at 4. Likewise, Plaintiff's 42 U.S.C. § 1985 claim was dismissed because there was no evidence of a conspiracy for the purposes of depriving her of equal protection of the law or of equal privileges and immunities under the laws or an act in furtherance of the conspiracy. *Id.* No other determinations were necessary, nor would the decisions this Court made have any impact on Plaintiff's remaining claims of negligence, negligent infliction of emotional distress, defamation, wrongful termination, and outrage, unlike was the case in *Coe*. The value of judicial economy and convenience are best served by dismissal of Plaintiff's state law claims without prejudice. The issue of judicial economy and convenience should not be resolved selfishly. Obviously, the economy and convenience of an individual judge is served by reducing one's case load. Rather, this issue should be resolved by determining whether a new judge will have to redo work already done by the judge originally assigned. Here, the undersigned has no time or work investment in the state claims, and transfer will not cause a "redo" of any work, except some procedural work to be done by Plaintiff, who favors declination

of jurisdiction.

Moreover, fairness also weighs in favor of dismissal of Plaintiff's state law claims. Plaintiff, the party who decides where to file suit, *See Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 12 (2003), favors a dismissal without prejudice of her state law claims, Dkt. 32. Lastly, the value of comity favors dismissal without prejudice. Determination of the state law claims should generally be made in state court. The balance of factors weighs in favor of dismissing Plaintiff's state law claims without prejudice.

### III. ORDER

Therefore, it is hereby, **ORDERED** that:

- Defendant's Motion for Summary Judgment on all Claims (Dkt. 21) is **DENIED WITHOUT PREJUDICE** as to all state law claims.
- Plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE** because this Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (c)(3).

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 5th day of December, 2006.

Robert J. Bryan
United States District Judge